UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on September 15, 2023

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 24-CR-127 (RBW) |
| | : | |
| v. | : | VIOLATION: |
| | : | |
| RODNEY BAGGOTT and | : | 22 D.C. Code §§ 2101, 4502, 2104.01(b)(12) |
| KIMBERLY BOWENS, | : | (First Degree Murder While Armed |
| | : | (Premeditated) (Aggravating |
| Defendants. | : | Circumstances)) |
| | : | 22 D.C. Code § 4504(b) |
| | : | (Possession of a Firearm During a Crime of |
| | : | Violence or Dangerous Offense) |
| | : | 18 U.S.C. § 922(g)(1) |
| | : | (Unlawful Possession of a Firearm and |
| | : | Ammunition by a Person Convicted of a |
| | : | Crime Punishable by Imprisonment for a |
| | : | Term Exceeding One Year) |
| | : | 18 U.S.C. § 3 (Accessory After the Fact) |
| | : | 18 U.S.C. § 4 (Misprision of Felony) |
| | : | 22 D.C. Code §§ 1806, 401, 4502 (Accessory |
| | : | After the Fact to Assault With Intent to Kill |
| | : | While Armed) |
| | : | |
| | : | FORFEITURE: |
| | : | 18 U.S.C. § 924(d); 21 U.S.C. § 853(p); and |
| | : | 28 U.S.C. § 2461(c) |

**INDICTMENT**

The Grand Jury charges that:

<u>**COUNT ONE**</u>

**RODNEY BAGGOTT,** within the District of Columbia, while armed with a firearm, purposefully and with deliberate and premeditated malice, killed R.A. by shooting R.A. with a firearm on January 30, 2024, thereby causing injuries from which R.A. died on or about April 29, 2024.

*The Grand Jury further charges* that at the time the crime set forth in this Count was committed, **RODNEY BAGGOTT** had previously been convicted and sentenced for Voluntary Manslaughter While Armed in Case Number 2015-CF1-013244 in the Superior Court of the District of Columbia.

**(First Degree Murder While Armed (Premeditated) (Aggravating Circumstances),** in violation of 22 D.C. Code, Sections 2101, 4502, 2104.01(b)(12) (2001 ed.))

### COUNT TWO

On or about January 30, 2024, within the District of Columbia, **RODNEY BAGGOTT** did possess a firearm while committing the crime of First Degree Murder While Armed as set forth in Count One of this indictment.

**(Possession of a Firearm During a Crime of Violence or Dangerous Offense**, in violation of 22 D.C. Code, Section 4504(b) (2001 ed.))

### COUNT THREE

On or about January 30, 2024, within the District of Columbia, **RODNEY BAGGOTT**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year in the Superior Court of the District of Columbia, Case Numbers 2015-CF1-13244, 1997-FEL-4419, 1992-FEL-373, and 1988-FEL-4064, and in the Circuit Court for Prince George's County Maryland, case numbers CT902329B and CT86388, did unlawfully and knowingly receive and possess a firearm, that is, an Intratec 9mm pistol, and did unlawfully and knowingly receive and possess ammunition, that is, WIN 9mm Luger ammunition, which had been possessed, shipped, and transported in and affecting interstate and foreign commerce.

**(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## COUNT FOUR

Between on or about January 30, 2024, and February 8, 2024, within the District of Columbia, **KIMBERLY BOWENS**, knowing that an offense against the Unites States has been committed, to wit, Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1), as alleged in Count Three of this indictment, did receive, relieve, comfort, and assist Rodney Baggott, in order to hinder and prevent Rodney Baggot's apprehension, trial, and punishment.

(**Accessory After the Fact,** in violation of Title 18, United States Code, Section 3)

## COUNT FIVE

Between on or about January 30, 2024, and February 8, 2024, within the District of Columbia, **KIMBERLY BOWENS**, having knowledge of the actual commission of a felony cognizable by a court of the United States, to wit, Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1), as alleged in Count Three of this indictment, did conceal the same by taking steps to modify the appearance of the vehicle used in the felony and to obfuscate her presence during the felony, and did not as soon as possible make known the same to some judge or other person in civil or military authority under the United States.

(**Misprision of Felony,** in violation of Title 18, United States Code, Section 4)

## COUNT SIX

Between on or about January 30, 2024, and February 8, 2024, within the District of Columbia, **KIMBERLY BOWENS** was an accessory after the fact to Assault with Intent to Kill While Armed, in that she relieved, comforted, and assisted Rodney Baggott, knowing Rodney Baggott had committed that crime, by taking steps to modify the appearance of the vehicle used in

3

the crime with the intent to hinder and prevent the apprehension, trial, and punishment of Rodney Baggott.

**(Accessory After the Fact to Assault With Intent to Kill While Armed**, in violation of 22 D.C. Code, Sections 1806, 401, 4502 (2001 ed.)).

## COUNT SEVEN

On or about March 3, 2024, within the District of Columbia, **RODNEY BAGGOTT,** knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year in the Superior Court of the District of Columbia, Case Numbers 2015-CF1-13244, 1997-FEL-4419, 1992-FEL-373, and 1988-FEL-4064, and in the Circuit Court for Prince George's County Maryland, case numbers CT902329B and CT86388, did unlawfully and knowingly receive and possess a firearm, that is, an Intratec 9mm pistol, and did unlawfully and knowingly receive and possess ammunition, that is, ten rounds of WIN 9mm Luger ammunition, which had been possessed, shipped, and transported in and affecting interstate and foreign commerce.

**(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Counts Three and Seven of this Indictment, the defendant **RODNEY BAGGOTT** shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offense, including but not limited to an Intratec 9mm firearm and 9mm ammunition.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c))

A TRUE BILL:

FOREPERSON

*[signature]*

Attorney of the United States in
and for the District of Columbia